| 59 | 351 |
| 65 | 623 |
| 59 | 351 |
| 152a | 618 |

SAMUEL E. HUNTINGTON, EXECUTOR, ETC., APPELLANT, *v.* CORNELIA S. MOORE, RESPONDENT, IMPLEADED, ETC.

*Additional allowance of five per cent on the foreclosure of a mortgage on a leasehold estate.*

In an action brought for the foreclosure of a mortgage upon a leasehold estate for twenty one years, with conditions for renewals and reserving a rent certain, an additional allowance of costs may be made to the extent of five per cent upon the amount involved.

The phrase " real property " in section 3253 of the Code of Civil Procedure does not include leasehold estates, so as to bring an action for the foreclosure of a mortgage thereon, within subdivision 1 of that section.

APPEAL by the plaintiff from so much of an order made at the New York Special Term, on an application for an additional allowance, in an action brought to foreclose a mortgage covering a leasehold interest in real estate, as denied an allowance of five per cent upon the judgment recovered in the action, upon the ground that the court had not power to grant any allowance in excess of two and a half per cent upon the amount of the recovery.

*Henry D. Hotchkiss*, for the appellant.

*William A. Abbott*, for the respondent.

DANIELS, J.:

The judgment directed is for the foreclosure of a mortgage upon a leasehold estate created by a lease for the period of twenty-one years from the 1st of November, 1888, with conditions for renewals, and reserving a rent certain. The amount secured, and for which a sale has been directed, is the sum of $10,000. The plaintiff moved for an additional allowance of costs, stating in the affidavit presented for that object that a great deal of labor had been expended in preparing for trial to show the facts attending the loan, the payment of which was resisted on the alleged ground of usury. The court declined to make a greater allowance than the sum of $200 for the want of power. It was held that this was the foreclosure of a mortgage on real property, and that the allowance, therefore, under subdivision 1 of section 3253 of the Code of Civil Procedure, could not exceed the sum of $200. And that is the extreme limit there prescribed in an action for the foreclosure of a mortgage upon real property.

But a leasehold interest was held in *Despard* v. *Churchill* (53 N. Y., 192) not to be real property, even where the lease may exceed the period of three years, and for that reason is entitled to be recorded. Two leasehold interests were then before the court, one having about four and the other about five years to run. And they were held to be personal and not real estate. And this conclusion seems equally as applicable to the lease affected by the result of this action. For whether the lease be for five or twenty-five years it cannot affect the nature of the estate created by it, or the principle which should be applied to define it. If a lease of five years creates a personal interest only, one of a longer term will necessarily be of

the same legal nature. And as the former has been established to be personal estate the latter must be the same. These are legal phrases, and it is to be presumed that the phrase " real property," as it has been used in this section of the Code, has been employed in its legal sense. And that construction will exclude this action from the restriction created by its first subdivision and place it within the language of the other parts of the section, so far as that has provided the power of making additional allowances in difficult and extra-ordinary cases.

The affidavit, as it has been made, may not be deemed sufficient to prove this action to have been difficult and extraordinary. But whether it can be so considered or not is a subject which must first be brought to the attention of the Special Term, which is the tri-bunal to first hear the motion. That has not yet been done, because this action was held to be for the foreclosure of a mortgage on real property. To afford the plaintiff the opportunity of making the application on that ground, this order should be reversed, but, as the point is a new one, it should be without costs of this appeal.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, without costs of this appeal.