(25 Civ. Proc. R. 372.)

BARNES v. MEYER et al.

(Supreme Court, Special Term, New York County. April, 1896.)

1. COSTS—EXTRA ALLOWANCE—FORECLOSURE OF MORTGAGE.
   A leasehold is not real estate, within Code Civ. Proc. § 3253, subd. 1, providing for an extra allowance in an action to foreclose a mortgage on realty.

2. SAME—CASE WHERE DEFENSE IS INTERPOSED.
  The fact that a defense has been interposed in an action, so as to author-
  ize an extra allowance (Code Civ. Proc. § 3253, subd. 2), must appear as a
  condition precedent.

Action by Henry B. Barnes against George Meyer and others to foreclose a mortgage on a leasehold estate. Plaintiff moves for an extra allowance. Denied.

Jay & Candler, for the motion.

LAWRENCE, J. This action was brought for the foreclosure of a mortgage upon leasehold property, and, upon the presentation of the judgment of foreclosure and sale, application was made for an allowance. The defendants raised no objection to the judgment of foreclosure, but opposed the allowance on the ground that it was held by the general term of this department in the case of Huntington v. Moore, 59 Hun, 351, 13 N. Y. Supp. 97, that in an action brought for foreclosure of a mortgage upon a leasehold estate for 21 years with conditions for renewal, reserving a rent certain, an additional allow-ance of costs in a proper case can be made to the extent of 5 per cent. upon the amount involved; but that the phrase "real property," in section 3253 of the Code of Civil Procedure, does not include leasehold estates so as to bring an action for the foreclosure of a mortgage thereon within subdivision 1 of that section. That subdivision limits the allowance in an action to foreclose a mortgage to a sum not ex-ceeding 2½ per centum upon the sum due or claimed to be due upon the mortgage, nor the aggregate sum of $200. I had granted in this case an allowance of $200 in the first instance, and the matter comes before me upon a motion for a reargument. I am satisfied, under the case cited, that an allowance cannot be granted under subdivision 1 of section 3253 of the Code of Civil Procedure. See, also, Despard v. Churchill, 53 N. Y. 192. The question, therefore, remains whether an allowance of 5 per cent. can be granted under subdivision 2 of that section. The defendants' counsel claims that it cannot, for the reason that no defense has been interposed herein, and that such fact must appear as a precedent condition to the right of the plaintiff to an allowance. This position seems to be well taken, and, as the leasehold property has been held not to be within subdivision 1 of the section in question, and not to be real property, I am reluctantly obliged to decline the application for an allowance.

Ordered accordingly.