JAMES M. WATERBURY et al., as Executors of LAWRENCE WATERBURY, Deceased, Respondents, v. THE TUCKER AND CARTER CORDAGE COMPANY et al., Defendants, Including UNITED STATES CORDAGE COMPANY and UNITED STATES TRUST COMPANY of New York, Appellants.

EXTRA ALLOWANCE — CODE CIV. PRO. § 3253 — FORECLOSURE OF MORTGAGE. Where the chief purpose of an action to foreclose a mortgage upon both real and personal property is to foreclose a mortgage upon real property, the limitation of two hundred dollars upon the amount of extra allowance, contained in subdivision 1 of section 3253 of the Code of Civil Procedure, applies, although the case is difficult and extraordinary.

*Waterbury* v. *Tucker & C. C. Co.*, 91 Hun, 638, modified.

(Argued March 25, 1897; decided April 20, 1897.)

APPEAL from a judgment and order of the General Term of the Supreme Court in the second judicial department, entered respectively December 9 and December 2, 1895, affirming interlocutory and final judgments of foreclosure and sale, also affirming an order overruling the defendants' exceptions to the report of a referee appointed to ascertain and determine whether the mortgaged property should be sold together or in parcels, and affirming an order which awarded the plaintiffs an extra allowance of two thousand dollars costs.

The action was to foreclose a mortgage upon real and personal property. It was a second mortgage. There was a prior mortgage upon the property, which was given to secure, and upon which there was unpaid, the sum of one hundred and fifty thousand dollars. Practically, the only defense interposed was that the plaintiffs were estopped from fore-

closing the mortgage in suit by reason of certain false and fraudulent representations made by James M. Waterbury, as an individual, and at a time when he was not acting as a representative of the estate of Lawrence Waterbury, deceased. The trial court held that the facts proved were insufficient to establish an estoppel against the plaintiffs, and, consequently, that they were entitled to a judgment of foreclosure and sale; that the property was so situated that it could not be sold in parcels without injury to the parties, and it awarded the plaintiffs an extra allowance of two thousand dollars costs.

Further facts are stated in the opinion.

*J. Mayhew Wainwright* and *John L. Cadwalader* for appellants. Waterbury, by reason of his connection with the fraudulent issue of preferred stock and on account of his misrepresentations regarding the title to the property, is estopped from enforcing this mortgage. (*Town of Brookhaven* v. *Smith*, 118 N. Y. 634; *N. Y. R. Co.* v. *Rothery*, 107 N. Y. 310; *Brown* v. *Bowen*, 30 N. Y. 519; *Plumb* v. *C. Co. M. Ins. Co.*, 18 N. Y. 392; *Demyer* v. *Souzer*, 6 Wend. 436; *Morgan* v. *R. R. Co.*, 96 U. S. 716; *Swain* v. *Seamens*, 9 Wall. 254; *Tilton* v. *Nelson*, 27 Barb. 595; Herman on Estop. § 924; *M. & T. Bank* v. *Hazard*, 30 N. Y. 226; *C. Nat. Bank* v. *N. Bank Commonwealth*, 50 N. Y. 575.) The estoppel extends to Waterbury, in his representative capacity, and also to his co-executor. (Herman on Estop. § 1125; *Dodge* v. *Stacy*, 39 Vt. 559; *Bragg* v. *Massie*, 38 Ala. 89; *Thomas* v. *Brooks*, 6 Tex. 369; *Wilson* v. *Wilson*, 17 Ohio St. 150; *Camp* v. *Mosely*, 3 Fla. 171; *Wheeler* v. *Wheeler*, 9 Cow. 34; *Murray* v. *Blatchford*, 1 Wend. 583.) The purchase by the plaintiffs of this mortgage was fraudulent and void, for the reason that they both knew that the National Cordage Company was entitled to a conveyance free and clear of mortgage. They were not *bona fide* purchasers, but took subject to the equities of the National Cordage Company. (*Pendleton* v. *Fay*, 2 Paige, 202; *Pitney* v. *Leonard*, 1 Paige, 461; *Dunn* v. *Hornbeck*, 72 N. Y. 80; *Holbrook* v. *Mix*, 1

E. D. Smith, 154; *Williamson* v. *Brown*, 15 N. Y. 354; *Beals* v. *Guernsey*, 8 Johns. 446; *Wickham* v. *Miller*, 12 Johns. 320.) Ellis and Waterbury, as executors, are chargeable with knowledge acquired by them as individuals. (*Boursot* v. *Savage*, L. R. [2 Eq.] 142; *Astor* v. *Wells*, 4 Wheat. 466; *Ingalls* v. *Morgan*, 10 N. Y. 178; *Craigie* v. *Hadley*, 99 N. Y. 131; *The Distilled Spirits*, 11 Wall. 356; *Von Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 434; *Dresser* v. *Norwood*, 17 C. B. [N. S.] 466; *D. I. W. I. Co.* v. *D. W. I. W. Co.*, 20 Fed. Rep. 699; *S. C. C. Co.* v. *Doran*, 142 U. S. 417; *N. R. Bank* v. *Aymar*, 3 Hill, 262; *N. S. Bank* v. *Cushman*, 121 Mass. 490.) The defendant United States Cordage Company is entitled to avail itself of all the rights of the National Cordage Company. (*Wood* v. *Seely*, 32 N. Y. 105; *Hills* v. *Miller*, 3 Paige, 254; *Watertown* v. *Cowen*, 4 Paige, 510; *Child* v. *Chappell*, 9 N. Y. 246.) The recovery of the plaintiffs in any event should be confined to the $15,000 of actual cash consideration paid for the mortgage, with interest on that sum, the taxes and the interest paid on the prior mortgage. (*Weaver* v. *Barden*, 49 N. Y. 286; *Taft* v. *Chapman*, 50 N. Y. 445; *Cary* v. *White*, 52 N. Y. 138; *De Lancey* v. *Stearns*, 66 N. Y. 157; *Ten Eyck* v. *Whitbeck*, 135 N. Y. 40; *Peabody* v. *Fenton*, 3 Barb. Ch. 451; *Merritt* v. *N. R. R. Co.*, 12 Barb. 605; *Pickett* v. *Barron*, 29 Barb. 505; *Williams* v. *Smith*, 2 Hill, 301; *Stalker* v. *McDonald*, 6 Hill, 93.) This mortgage in the hands of the plaintiff is subordinate to the lien of the prior ninety-nine years' lease of the premises, and should be sold subject thereto. (Wade on Notice, § 231; *Tuttle* v. *Jackson*, 6 Wend. 213; *Abbey* v. *Taber*, 11 N. Y. Supp. 548; *Clark* v. *McDuffie*, 21 N. Y. Supp. 174.) The judgment herein if allowed to stand should be modified so as to direct a sale of the property in parcels in the inverse order of alienation, that is to say, that the portion of the mortgage still belonging to the mortgagor, to wit, the jute mill and its appurtenances, shall be sold before resort is had to the portion conveyed to this appellant subsequent to

the making of the mortgage. (Wiltsie on Mort. Foreclosure, §§ 590, 591; *Ellsworth* v. *Lockwood*, 42 N. Y. 89; *Hewson* v. *Deygert*, 8 Johns. 333; *Tiernan* v. *Wilson*, 6 Johns. Ch. 410; *Wolcott* v. *Schenck*, 23 How. Pr. 385; Code Civ. Pro. § 1678; *Griffith* v. *Hadley*, 10 Bosw. 587; *A. Ins. Co.* v. *Oakley*, 9 Paige, 259; *Walworth* v. *F. L. & T. Co.*, 4 Sandf. Ch. 51; *Brown* v. *Frost*, 1 Hoff. 41; *King* v. *Platt*, 37 N. Y. 155; Thomas on Mort. § 271; *N. Y. L. Ins. Co.* v. *Milnor*, 1 Barb. Ch. 353.) The judgment should be reversed in so far as it awards an extra allowance of $2,000 to the respondents. (Code Civ. Pro. § 3253; *H. F. Ins. Co.* v. *G. F. Ins. Co.*, 138 N. Y. 252; *Ferris* v. *Hard*, 15 Civ. Pro. Rep. 171; *O'Neill* v. *Gray*, 39 Hun, 566; *Rosa* v. *Jenkins*, 31 Hun, 384; *Conaughty* v. *S. Co. Bank*, 92 N. Y. 401; *People* v. *A. & S. R. R. Co.*, 5 Lans. 25; *Coates* v. *Goddard*, 34 N. Y. Supp. 118; *Lynn* v. *Belchford*, 8 Civ. Pro. Rep. 229; *Sheehy* v. *Kelly*, 33 Hun, 543; *Gould* v. *Chapin*, 4 How. Pr. 185.)

*Hubbard Hendrickson* for respondents. Manufacturing corporations have general authority conferred on them to mortgage their real and personal property for the payment of any debt, subject only to the condition of filing the consent of a majority of the stockholders owning at least two-thirds of the capital stock. (L. 1864, ch. 517; L. 1878, ch. 163.) The plaintiffs had the right to pay the $4,500 for six months' interest on the $150,000 mortgage in order to protect their security and the amount so paid they could enforce upon foreclosure. (*Sidenberg* v. *Ely*, 90 N. Y. 262; *S. L. Bank* v. *North*, 4 Johns. Ch. 370.) The counterclaim is not within section 501 of the Code of Civil Procedure. (*Jordan* v. *Nat. S. & L. Bank*, 74 N. Y. 471.) The prospectus being true, no one could be deceived. (*Morgan* v. *Skiddy*, 62 N. Y. 319.) The mortgagee had no knowledge of the unrecorded lease. (*Wilson* v. *S. Nat. Bank*, 7 Atl. Rep. 145; *G. S. Bank* v. *Batty*, 30 N. J. Eq. 131; *Gill* v. *Harden*, 48 Ala. 412; *N. L. Ins. Co.* v. *Minch*, 53 N. Y. 150.) There was no change of possession, visible or otherwise, to put a person on inquiry. It

was intended by the alleged tenant that there should be no change. (*Page* v. *Waring*, 76 N. Y. 471; *Brown* v. *Volkening*, 64 N. Y. 82; *Pope* v. *Allen*, 90 N. Y. 298; *Holland* v. *Brown*, 140 N. Y. 348; *Staples* v. *Fenton*, 5 Hun, 174.) Evidence as to the acts of a sole executor not performed in the discharge of his duty was inadmissible. (*Finnern* v. *Hinz*, 38 Hun, 465; *Church* v. *Howard*, 79 N. Y. 415; *Davis* v. *Gallagher*, 124 N. Y. 487; *Potter* v. *Greene*, 51 Hun, 6; *Bruyn* v. *Russell*, 52 Hun, 17.) The signature of J. M. Waterbury, as president, to the unrecorded lease, was not notice to Julia Waterbury. (*Constant* v. *University of Rochester*, 111 N. Y. 614.) The claim of appellants for priority over plaintiffs' mortgage because of the unrecorded lease is inequitable. (*O'Beirne* v. *A. & K. R. R. Co.*, 151 N. Y. 383; *Sternberger* v. *McGovern*, 56 N. Y. 21; *Huffey* v. *Lynch*, 143 N. Y. 247.) There being no equities against Julia Waterbury, as mortgagee, her assignees are protected notwithstanding notice. (*Lacustrine F. Co.* v. *L. G. & F. Co.*, 82 N. Y. 483; *Wood* v. *Chapin*, 13 N. Y. 509; *Griffith* v. *Griffith*, 9 Paige, 315; *Varick* v. *Briggs*, 6 Paige, 323; *Jackson* v. *Van Valkenburgh*, 8 Cow. 260; *Slattery* v. *Schwannecke*, 118 N. Y. 546.) The defense of estoppel is not made out. (*Jewett* v. *Miller*, 10 N. Y. 402; *Frost* v. *Koon*, 30 N. Y. 454; *T. B. Co.* v. *Duncan*, 86 N. Y. 221; *Lyon* v. *Morgan*, 143 N. Y. 505; *Thompson* v. *Simpson*, 128 N. Y. 270.) Appellants' claim that, because the assignment was taken for a pre existing indebtedness of $85,000, the respondents were not *bona fide* purchasers, and that the mortgage was good only for the remaining $15,000, is untenable. (*Mayer* v. *Heidelbach*, 123 N. Y. 332; *Button* v. *Rathbone*, 118 N. Y. 666; *Wood* v. *Chapin*, 13 N. Y. 521.) The direction in the decision of the justice at Special Term, that it be referred to Robert Stewart, Esq., to ascertain the manner in which the property should be sold, whether in bulk or in parcels, and to compute, etc., and the like direction in the interlocutory judgment and the order of reference to Mr. Stewart, made on notice to all non-answering defendants who had appeared and demanded notice,

were all proper and correct, and all the proceedings upon the reference were regular. (*Cram* v. *Bradford,* 4 Abb. Pr. 193; Code Civ. Pro. §§ 1232, 1678; *Palmer* v. *Palmer,* 13 How. Pr. 363; *Fox* v. *Moyer,* 54 N. Y. 131; *Nat. S. Bank* v. *Hibbard,* 45 How. Pr. 280; *Patty* v. *Pease,* 8 Paige, 282; *Coles* v. *Appleby,* 87 N. Y. 121; *Bernhardt* v. *Lymburner,* 85 N. Y. 175; *Gill* v. *Lyons,* 1 Johns. Ch. 447; *Lane* v. *Conger,* 10 Hun, 1; *Central Trust Co.* v. *U. S. R. Co.,* 56 Fed. Rep. 5; *Wood* v. *Whalen,* 93 Ill. 153; *Hill* v. *Nat. Bank,* 97 U. S. 450.) The order granting the plaintiffs an allowance, in addition to costs of the sum of $2,000, was proper, and the justice who tried the cause had power to grant it. The motion was heard upon consent. (*Cowenhoven* v. *Ball,* 118 N. Y. 231; *Vose* v. *Cockroft,* 44 N. Y. 415; *Wilber* v. *Williams,* 4 App. Div. 444; Code Civ. Pro. § 3253; *Briggs* v. *Oliver,* 68 N. Y. 336; *Blake* v. *Corbett,* 120 N. Y. 331; *Huntington* v. *Moore,* 59 Hun, 351; *Sentenis* v. *Ladew,* 140 N. Y. 465; *H. F. Ins. Co.* v. *G. F. Ins. Co.,* 138 N. Y. 255; *McGaffin* v. *City of Cohoes,* 74 N. Y. 389; *In re Tilden,* 98 N. Y. 442; *Mangam* v. *City of Brooklyn,* 98 N. Y. 595; *Sims* v. *U. S. Trust Co.,* 103 N. Y. 479.)

MARTIN, J. The mortgage in suit was given to Julia Waterbury to secure the sum of one hundred thousand dollars loaned by her to the Tucker & Carter Cordage Company to pay a prior mortgage upon the mortgaged premises for that amount. After her death John S. Ellis, who was the executor of her estate, assigned the mortgage to the plaintiffs as executors of the estate of Lawrence Waterbury, deceased. The consideration for the assignment was the amount secured by the mortgage, which was paid by canceling a debt of eighty-five thousand dollars which the estate of Julia Waterbury was owing to the estate of Lawrence Waterbury, and the payment to the executor of her estate of the remainder in cash. That the estate of Lawrence Waterbury acquired a valid title to this mortgage we have no doubt. Nor was there evidence sufficient to establish an estoppel against the plaintiffs, as

representatives of the estate of Lawrence Waterbury. There-
fore the court properly held that the plaintiffs were entitled
to a judgment of foreclosure and sale of the mortgaged
premises, and the judgment should be affirmed.

The next point we are asked to consider relates to the
validity of the order overruling the defendants' exceptions to
the report of the referee upon the question, whether the mort-
gaged premises should be sold together, or, in parcels. The
referee, to whom that question was referred, reported that
the premises could not be sold in parcels without injury to the
interests of the parties, that, in his opinion, the mortgaged
premises, fixtures, machinery and appurtenances should be
sold together as one parcel, and stated fully the reasons for
his opinion. An examination of his report, and of the facts
upon which it is based, renders it obvious that the property
could not be disposed of in parcels without serious injury to
the parties. We are of the opinion that the court properly
overruled the defendants' exceptions and confirmed the report
of the referee as to the manner in which the premises should
be sold.

This leaves for examination the question of the propriety of
the order granting the plaintiffs an additional allowance of
two thousand dollars. If any authority for this order exists it
must be found in section 3253 of the Code of Civil Pro-
cedure. That section, as it stood when this order was granted,
provided: " In an action, brought to foreclose a mortgage upon
real property; or for the partition of real property; or in a
difficult and extraordinary case, where a defense has been inter-
posed, in any action; the court may also, in its discretion, award
to any party a further sum, as follows: 1. In an action to fore-
close a mortgage, a sum not exceeding two and one-half per
centum upon the sum due or claimed to be due upon the mort-
gage, nor the aggregate sum of two hundred dollars. 2. In *any
other case, specified in this section,* a sum not exceeding five
per centum upon the sum recovered, or claimed, or the value
of the subject-matter involved." The claim of the appellants
is that the court had no authority to grant an extra allowance

for an amount exceeding two hundred dollars. They insist that, in an action to foreclose a mortgage, section 3253 plainly restricts the amount which the court may grant as an extra allowance, to the sum of two hundred dollars. It has several times been held that in an action for the foreclosure of a mortgage upon real property, the allowance which may be granted is limited to that amount, although the case may be difficult and extraordinary. (*Hunt* v. *Chapman*, 62 N. Y. 333, 338; *Ferris* v. *Hard*, 15 N. Y. Civ. Pro. R. 171; *O'Neill* v. *Gray*, 39 Hun, 566; *Rosa* v. *Jenkins*, 31 Hun, 384.) The plaintiff's motion was based upon the ground that the case was a difficult and extraordinary one where a defense had been interposed. The affidavit upon which it was granted stated facts from which the Special Term was justified in finding that the case was both difficult and extraordinary. Under section 3253 there are three instances where the court may, in its discretion, award an additional allowance of costs. Such an allowance may be made in an action to foreclose a mortgage, but in such a case the sum that may be awarded cannot exceed two and one-half per centum upon the amount due or claimed to be due upon the mortgage, nor the aggregate of two hundred dollars. An additional allowance may also be granted in an action for the partition of real property, or may be granted in any action where a defense is interposed and the case is difficult and extraordinary. In cases which are specified in that section, other than for the foreclosure of a mortgage, the allowance cannot exceed five per centum upon the sum recovered, or claimed, or the value of the property involved. The amount that may be awarded in the latter cases is also further limited by section 3254, so that the allowance cannot exceed the sum of two thousand dollars. If the sole purpose of this action had been to foreclose a mortgage upon real property, there would seem to be no doubt that the amount which might be properly allowed could not exceed two hundred dollars. As it was, however, an action to foreclose a mortgage upon both real and personal property, it is said that that limitation as to costs has

78

no application to this case.    While the language employed in subdivision one of section 3253 is sufficiently broad to include a mortgage upon personal as well as real property, still it may be when the whole section is read together that the word " mortgage " should be construed as referring only to a mortgage upon real estate.    But be that as it may, it is obvious that the chief purpose of this action was to foreclose a mortgage upon real property and its fixtures, and it cannot be fairly said that it was an action to foreclose a mortgage on personal property, and, hence, is not within the decision in *Huntington* v. *Moore* (59 Hun, 351), where it was held that an action to foreclose a chattel mortgage was not within the limitation contained in that subdivision.    Thus we are constrained to hold that this action falls within the provision of section 3253, which limits the additional allowance in an action to foreclose a mortgage to the sum of two hundred dollars. If the result we have reached upon this question is correct, it follows that the judgment and order appealed from should be modified by deducting from the amount of such judgment and order the sum of eighteen hundred dollars, and the judgment and order as thus modified should be affirmed, without costs to either party.

All concur.

Judgment accordingly