The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

## LONG ISLAND LOAN & TRUST CO. v. LONG ISLAND CITY & N. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

1. MORTGAGES—FORECLOSURE—ACTION BY TRUSTEE—REQUEST BY HOLDERS OF BONDS SECURED—NECESSITY.

A mortgage securing bonds provided in section 5 that, in case of default in the payment of any half year's interest on any of the bonds, the trustee might elect, on the request in writing of the owners of one-half of the bonds outstanding, to make the principal sum immediately due and payable. Section 7 provided: "In case of default as hereinbefore defined, the said trustee may adopt any legal or equitable method for foreclosing this mortgage and enforcing the trusts herein contained, or for collecting the principal and interest of the bonds secured hereby," etc. *Held*, that under section 7 the trustee could sue in foreclosure to compel a sale of the mortgaged premises, so far as might be necessary to pay interest represented by unpaid coupons, without any request in writing by the bondholders.

2. SAME—DETACHMENT OF COUPONS—EFFECT.

The detachment of the interest coupons from the bonds did not deprive those holding them of the security of the mortgage.

3. SAME—FORECLOSURE FOR INTEREST ALONE.

The mortgage could be foreclosed for the interest alone.

4. SAME—DEMAND FOR PAYMENT—NECESSITY.

The abandonment by the mortgagor of its office, where, under the terms of the mortgage, the interest was payable, released the holders of the coupons from obligation to make demand for payment, even if such demand was necessary.

5. SAME—TIME WHEN INTEREST BEGINS TO RUN.

The holders of the coupons were entitled to interest thereon from the time they were detached from the bonds and passed into separate ownership, thus becoming distinct negotiable instruments.

6. SAME—COSTS—ADDITIONAL ALLOWANCE—AMENDMENT TO STATUTES.

Code Civ. Proc. § 3253, provided, prior to 1898, that the court might award to any party, in addition to costs, in an action brought to foreclose a mortgage on real property, or in a difficult and extraordinary case, a further sum, as follows: "(1) In an action to foreclose a mortgage, a sum not exceeding * * * the aggregate sum of two hundred dollars. (2) In any other case or special proceeding specified in this section, a sum not exceeding five per centum on the sum recovered or claimed, or the value of the subject-matter involved." In 1898 the second subdivision of the section was amended by striking out the word "other" after the words "in any." *Held*, that the effect of the amendment was to permit the court to allow more than $200 additional costs in a mortgage foreclosure suit of a difficult and extraordinary nature.

Appeal from Judgment on Report of Referee.

Action by the Long Island Loan & Trust Company, as trustee under a mortgage made by the Long Island City & Newtown Railroad Company, dated January 1, 1885, against the Long Island City & Newtown Railroad Company, New York & Queens County Railway Company, and the Mercantile Trust Company, as trustee under a

¶ 3. See Mortgages, vol. 35, Cent. Dig. § 1163.

mortgage made by the last-named company, dated June 29, 1896. From a judgment confirming a report of a referee, directing a foreclosure of a mortgage, defendant the New York & Queens County Railway Company appeals.  Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George F. Hickey (William E. Stewart, on the brief), for appellant.

Melvin G. Palliser (Roger S. Baldwin, on the brief), for respondent.

WILLARD BARTLETT, J.  This is a suit by a trustee under a mortgage to foreclose the same for the nonpayment of interest represented by coupons detached from bonds of the Long Island City & Newtown Railroad Company, with which they were issued. The case was tried before the Honorable Ernest Hall as referee, who found $31,251.91 to be due upon the coupons, and directed judgment of foreclosure.  This appeal is taken by the New York & Queens County Railway Company, which has acquired the mortgaged property under a subsequent mortgage to that in suit.

The plaintiff's authority to bring the action is disputed by the appellant on the ground that a majority of the bondholders have not set the trustee in motion as provided for in the fifth section of the mortgage.  The suit is not brought under that section, however, which relates to an election by a majority of the bondholders to declare the principal sum due for the nonpayment of interest.  It is brought under the seventh section, the provisions of which seem to confer ample power upon the trustee to sue in foreclosure to compel a sale of the mortgaged premises so far as may be necessary to pay the interest represented by unpaid coupons.  No attempt is made to enforce the payment of this interest by the appellant corporation individually, the purpose of the action being merely to reach the property described in the mortgage, to which the appellant now has the legal title.  "The coupons were secured by the mortgage, and their detachment from the bonds did not deprive the holders of them of the security of the mortgage.  That remained security for their payment until paid, whether attached to or detached from the bonds." Union Trust Co. v. Monticello & P. J. R. Co., 63 N. Y. 311, 20 Am. Rep. 541.  And such a mortgage as this may be foreclosed for the interest alone.  Central Trust Co. v. N. Y. City & N. R. Co., 33 Hun, 513.

A defense of payment was set up in the answer of the appellant, but the evidence sustains the finding of the referee that none of the coupons which are the basis of the present suit have been paid.

The objection that no demand was made for the payment of some of the coupons is not available to the appellant.  Assuming that a demand was necessary, it would have to be made at the place where interest was payable under the terms of the mortgage, to wit, the office of the Long Island City & Newtown Railroad Company in Long Island City; yet it appears that the company has had no office there since 1895, the year in which these coupons were detached from

the bonds. The abandonment of the office made a demand there impossible, and the plaintiff cannot be defeated for failing to perform an impossibility. It was under no obligation to search elsewhere for an office at which to demand payment of the coupons.

We think the referee was right in allowing interest upon the coupons from the time they were detached from the bonds and passed into separate ownership, thus becoming distinct negotiable instruments. See Williamsburgh Savings Bank v. Town of Solon, 136 N. Y. 465, 32 N. E. 1058.

The judgment appealed from awards to the plaintiff $1,562.55 as an additional allowance. It is conceded that the extra allowance in a mortgage foreclosure suit could not exceed $200, prior to 1898. Waterbury v. Cordage Co., 152 N. Y. 611, 46 N..E. 959. In that year, however, section 3253 of the Code of Civil Procedure was amended by striking out the word "other" from the second subdivision, and it is contended that the effect of the amendment is to permit the court now to allow more than $200 additional costs in a suit to foreclose a mortgage. The point will be made clear by a comparison of the section before and after the amendment. Prior to 1898 the section (Code Civ. Proc. § 3253) read as follows:

"In an action brought to foreclose a mortgage upon real property, or for the partition of real property, or in a difficult and extraordinary case, where a defense has been interposed in an action, or except in the First and Second Judicial Districts in a special proceeding by certiorari to review an assessment, under chapter two hundred and sixty nine of the Laws of Eighteen Hundred and Eighty, and the acts amending the same, the court may also, in its discretion, award to any party a further sum, as follows: (1) In an action to foreclose a mortgage, a sum not exceeding two and one-half per centum upon the sum due or claimed to be due upon the mortgage, nor the aggregate sum of two hundred dollars. (2) In any other case or special proceeding specified in this section, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

At the time judgment herein was rendered, the section read thus:

"In an action brought to foreclose a mortgage upon real property, or for the partition of real property, or in a difficult and extraordinary case (where a defense has been interposed in an action), or, except in the First and Second Judicial Districts, in a special proceeding by certiorari to review an assessment, under chapter 269 of the Laws of 1880, and the acts amending the same, the court may also, in its discretion, award to any party a further sum, as follows: (1) In an action to foreclose a mortgage a sum not exceeding two and one-half per centum upon the sum due or claimed to be due upon the mortgage, nor the aggregate sum of two hundred dollars. (2) In any action or special proceeding specified in this section, where a defense has been interposed, or in an action for the partition of real property, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

The argument is that the elimination of the word "other" from the second subdivision leaves that subdivision applicable even to a mortgage foreclosure suit of a difficult and extraordinary nature. It seems to me that such is the necessary effect of the change, and the logical construction of the language of the section as it now stands. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.