**RIESGO v. GLENGARIFFE REALTY CO. et al.**

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

COSTS—EXTRA ALLOWANCE—DIFFICULT AND EXTRAORDINARY ACTION.

Under Code Civ. Proc. § 3253, authorizing the court in a difficult and extraordinary action to grant an extra allowance in excess of $200, the burden is on plaintiff, if he claims an extra allowance in excess of $200, to show that the action is difficult and extraordinary.

Appeal from Special Term, New York County.

Action by Louis Riesgo against Glengariffe Realty Company and others. From that part of a judgment granting plaintiff an additional allowance, and from an order denying a motion to reduce the allowance, defendant realty company appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Samuel F. Jacobs, for appellant.
Phillip S. Dean, for respondent.

O'BRIEN, P. J. In the case of Long Island Loan & Trust Co. v. Long Island R. R. Co., 85 App. Div. 36, 82 N. Y. Supp. 644, affirmed 178 N. Y. 588, 70 N. E. 1102, in construing the amendment made to

·section 3253 of the Code of Civil Procedure, it was held that the effect of the amendment was to permit the court in a difficult and extraordinary action, as the foreclosure of a mortgage upon real property, to grant an extra allowance in excess of $200. To entitle the plaintiff, therefore, to an allowance in excess of the $200, which prior to 1898 was fixed as the limit that could be awarded, it is necessary as the basis of the extra allowance for the plaintiff to show that the action is difficult and extraordinary. The burden thus resting on the plaintiff was not sustained in this case, as there is nothing in the record to show that this was in any respect difficult or extraordinary, because it in no way appears that it necessitates an examination of difficult questions of law, or involves any difficulty in making the necessary appeal.

The absence of any such difficulties and the failure of the plaintiff to bring himself within the amendment did not entitle him to any allowance beyond the $200, and the order appealed from should accordingly be modified by providing for an extra allowance at such sum, and, as so modified, it should be affirmed, with costs to the appellant. All concur.