Florence A. Troughton, Plaintiff, v. Digmore Holding Company, Inc., et al., Defendants.

(Supreme Court, Bronx Special Term for Trials, January, 1919.)

Contracts — between mortgagor and mortgagee for application of insurance money for restoration of building — foreclosure — evidence — liens — when claim of subcontractor should be dismissed.

Costs — where case was neither difficult nor extraordinary additional allowance will not be granted — Code Civ. Pro. § 3253(1).

Judgments — to be entered must conform to decision of court — trial — Code Civ. Pro. §§ 1022, 1228, 1230, 1231.

In an action to foreclose a mortgage containing the usual clause requiring the mortgagors to keep the buildings insured for the benefit of the mortgagee, it appeared that the loss occasioned by a partial destruction of the building was adjusted by the payment of a certain sum to the mortgagee; that thereafter an agreement in writing was made between the individual mortgagor, who was also a stockholder in the corporate mortgagor, and the mortgagee for the application of the greater part of the insurance money to the restoration of the building. The individual mortgagor gave the contract for the work to S., who, after doing a part of the work and receiving a certain sum, abandoned the contract at a time when nothing was due him thereunder. The building is unfinished and untenantable and plaintiff has the possession of the balance of the insurance money. The mortgage provides that the mortgagee may apply any of the insurance moneys on the mortgage, or pay it over wholly or in part to the mortgagors, their heirs, successors or assigns, to enable them to repair the buildings or to erect new ones or for any other purpose satisfactory to the mortgagee without affecting the lien of the mortgage for the full amount

secured before the fire or such payment over took place. *Held,* that as the evidence failed to show that plaintiff had done anything which could in any way be construed as a release or waiver of her lien, an alleged lien for a balance due a subcontractor of S., for work done and materials furnished, could not be satisfied out of the balance of the insurance money in plaintiff's hands.

Plaintiff was entitled to judgment as prayed for and the claim of lien of subcontractor of S. for the balance due him should be dismissed but without prejudice to any right of action he may have against S.

The case was neither difficult nor extraordinary and plaintiff may only be granted the additional allowance provided for by section 3253 (1) of the Code of Civil Procedure.

Under sections 1022, 1228, 1230 and 1231 of the Code of Civil Procedure, which require that the judgment to be entered must conform to the decision of the court, the findings should cover all the material issues made by the pleadings, and no proper judgment may be entered until the court, as required by said section 1022, has made and filed a decision disposing of the issues and directing the entry of judgment.

Where plaintiff's proposed conclusions of law failed to comply with said provisions of the Code of Civil Procedure, requests for findings will be returned to the clerk of the court in order that plaintiff may present amended ones, with proof of service thereof on all of the defendants appearing in the action.

The proposed findings of the subcontractor of S. not appearing to have been served, will be returned to the clerk of the court in order that a copy thereof or of new ones, if said defendant so desires, may be served upon the plaintiff's attorney.

ACTION to foreclose a mortgage on real property.

Campbell, Flaherty & Turner (William Murray, of counsel), for plaintiff.

Nathan S. Zucker, for defendant Jordan.

Harris & Towne (Paul R. Towne, of counsel), for the defendants Digmore Holding Company, Inc., and Ebermayer.

Giegerich, J. The action is to foreclose a mortgage upon certain real property in Bronx county, made by the defendants Digmore Holding Company, Inc., and Ebermayer, to one Grace V. Ten Eyck, to secure the payment of $6,000, with interest at the rate of five and one-half per cent per annum, payable semi-annually and assigned by the latter to the plaintiff. The mortgage contains the usual provision that the principal sum shall become due after default in the payment of interest and taxes. The interest on the bond and mortgage, which became due and payable on April 1, 1918, remains unpaid and the taxes, payable on November 1, 1917, as well as those subsequently falling due, are unpaid, and the plaintiff has elected that the whole principal sum be immediately due and payable. The mortgage, among other things, provides that the mortgagors shall keep the buildings on the said premises insured against loss by fire for the benefit of the mortgagee. The building upon the mortgaged premises was partially destroyed by fire in February, 1918, and the insurance company adjusted the loss by paying to the plaintiff, as mortgagee, the sum of $4,702. Thereafter an agreement in writing, bearing date May 1, 1918, was made between the defendant Ebermayer, who is also a stockholder in the defendant Digmore Holding Company, Inc., and the plaintiff for the application of $4,500 of the money so received by the plaintiff to the restoration of the premises. The defendant Ebermayer gave the contract to do the work to one William Schorer, who did part of the work and received $3,000. He failed to complete the work and abandoned the contract, at which time nothing whatever was due to him thereunder. The building is unfinished and untenantable and the plaintiff has in her possession $1,500, the balance of the insurance money. The answer of the defendants Digmore Hold-

ing Company, Inc., and Ebermayer was withdrawn after the commencement of the trial, and therefore need not be considered in the disposition of the question raised with respect to the said fund of $1,500. The answer of the defendant Jordan sets up as a counterclaim his alleged mechanic's lien for a balance claimed to be due for work done and materials furnished by him as a subcontractor of Schorer and demands that the plaintiff be required to pay such lien, amounting to $245, out of the fund in her possession. The answer of the defendants Kiddle and Weismann alleges that they hold a subordinate mortgage on the premises and asks that the plaintiff's mortgage be reduced by the amount of $1,500, or in the alternative that it be applied under an official order of the court to the completion of the building. These defendants, however, did not appear upon the trial of the action nor have they submitted any brief or requests to find. The main controversy, therefore, arises with respect to the claim of the defendant Jordan that the fund in the plaintiff's hands be applied to the payment of his alleged lien. The plaintiff contends that the transactions relating to the attempted repair of the building have in no way impaired her right to foreclose the mortgage, and that she is entitled to judgment as demanded in her complaint, and that the balance of the insurance money now in her possession be applied in the reduction of her lien. The mortgage in suit provided: " That the mortgagors shall keep the buildings on the said premises insured against loss by fire for the benefit of the mortgagee. * * * And should the mortgagee, by reason of any such insurance against loss by fire, as aforesaid, receive any sum or sums of money for any damage by fire to the said building or buildings, such amount may be retained and applied by said mortgagee toward payment of the

41

amount hereby secured, or the same may be paid over, either wholly or in part, to the said mortgagors or the heirs, successors or assigns of the mortgagors to enable said mortgagors to repair said buildings or to erect new buildings in their place, or for any other purpose or object satisfactory to the said mortgagee, without affecting the lien of this mortgage for the full amount secured thereby before such damage by fire, or such payment over, took place.'' It will be seen from the foregoing provision that the insurance money received by the plaintiff from the insurance company may be retained and applied by her toward the payment of the mortgage debt, or it may be wholly or partly paid over to the mortgagors to enable them to repair or restore the building, without, however, affecting the lien. The evidence fails to show that the plaintiff has done anything which could in any way be construed as a release or waiver of her lien which was provided, as above shown, by the express terms of the mortgage and which is sanctioned by the authorities. *Reid* v. *McCrum,* 91 N. Y. 412, 418; *Matter of Sands Ale Brewing Co.,* 21 Fed. Cas. No. 12,307; 3 Biss. 175; 27 Cyc. 1143; Thomas Mort. (3d ed.) § 560, p. 449; Jones Mort. § 400. The defendant Jordan insists that the agreement between the defendant Ebermayer and the plaintiff required the latter to expend all the moneys in her hands for the reconstruction of the building, but I do not so construe it. That agreement recites that the defendant Ebermayer has executed a contract with one William Schorer for the reconstruction of the building and its restoration, together with certain improvements thereon, for the sum of $4,500, and it provides for the payment of that sum in accordance with the terms of the contract entered into between the defendant Ebermayer and Schorer for the rebuilding of the premises. It further provides that after

making all payments under such building contract, which are not to exceed $4,500, the plaintiff might apply any balance remaining in her hands to the payment of taxes and interest and the mortgage indebtedness. The relevant portion of the building contract so made between the defendant Ebermayer and Schorer is as follows: "Article 6. The contractor shall complete the several portions and the whole of the work comprehended in this agreement on or before July 1, 1918, and shall be entitled to the following payments: (1) On completing roofing, inclosing the building, studding and lathing, $1,000; (2) on completing rough plumbing, browning and electric wiring, $1,000; (3) on completing white finish and store front, $1,000; (4) the balance of $1,500 to be paid upon the completion of the work to be performed hereunder and upon the production and exhibition to the owner and the said Florence A. Troughton of certificates showing that the work hereunder has been performed according to the rules, regulations and requirements of all city and state departments having jurisdiction thereover. All carpets in halls and all shades throughout building to be furnished." The agreement between the defendant Ebermayer and the plaintiff further provides that the latter, before making any payments upon the building contract, should have the privilege of inspecting the work to be done thereunder, and that her determination and judgment as to whether the work shall actually have been performed and the payments set forth in the contract as required to be made shall have been earned shall be final and conclusive upon both parties to the agreement. Such agreement also provides for the assignment of the rents to the plaintiff by a contemporaneous instrument in writing, and that such assignment shall be in addition to any right which the plaintiff might then or thereafter have

to foreclose her mortgage upon the premises upon default in payment of interest and taxes in accordance with the terms of the mortgage. It appears from the foregoing provisions that the agreement between the defendant and Ebermayer and the plaintiff was made solely with reference to the building contract entered into between the defendant Ebermayer and Schorer. It nowhere provides for the performance of any other work except such as expressly provided for or for the completion of the building contract in case of failure on the part of the contractor to perform the same. The agreement expressly recites that it is for the benefit of the plaintiff, and that it is in nowise made for the benefit of the contractor under the building contract above referred to. I cannot perceive anything in this contract which places the plaintiff under any obligation whatever to make any expenditures in addition to those already made by her for the restoration of the building. She did not at any time undertake to do such work herself. That was to be done by the defendant Ebermayer's contractor. While it is true the plaintiff was to make payments out of the fund, not exceeding said sum of $4,500, for the work, such payments were nevertheless contingent upon the actual performance of the work. As already stated, the defendant Ebermayer's contractor abandoned the contract and nothing remains due to him upon the contract. He had been paid in full for all work performed by him before he abandoned the contract. The alleged lien of the defendant Jordan depends for its validity upon an indebtedness under the contract to Schorer, the contractor. As he has defaulted, there can be no lien in favor of the defendant Jordan unless there is something due or to become due to the contractor at the time he ceased work for work previously done. Since nothing is due to the latter, there is

nothing to which such lien could attach. *American Radiator Co.* v. *City of New York,* 177 App. Div. 578, 580; *Richman* v. *City of New York,* 89 Misc. Rep. 213, 219, and cases cited. It is therefore plain that the alleged lien of the defendant Jordan cannot be satisfied out of the balance of the fund in plaintiff's hands. The defendant Jordan urges in support of his motion to dismiss the complaint that it affirmatively appears from the tenth paragraph thereof that the default in the payment of the interest which became due and payable on April 6, 1918, has been waived by the plaintiff. I do not so construe the paragraph in question. On the contrary, it clearly appears from the allegations thereof that such default has not been waived, and that, by the terms of the agreement made between the defendant Ebermayer and the plaintiff, the continuance of the latter's loan upon the security of the building was dependent upon certain conditions which have not been fulfilled and, furthermore, that the plaintiff will be required to expend a sum exceeding the $4,702 insurance money secured by her in placing the mortgaged property in proper condition and repairing it as it was prior to the said impairment by fire. The defendant Jordan further maintains that the complaint is insufficient because, as claimed by him, it does not show any default on the part of the mortgagors. The complaint, however, sufficiently alleges by proper averments a default on the part of the mortgagors not only in the payment of interest and taxes, but of the principal as well. I do not think that any of the grounds urged by the defendant Jordan in support of his motion to dismiss the complaint are tenable, and such motion should therefore be denied. My conclusion is that the plaintiff is entitled to judgment as prayed for, with costs, and that the counterclaim of the defendant

Jordan should be dismissed, without prejudice, however, to any right of action he may have against Schorer, the contractor. The plaintiff asks for an additional allowance of $300, being, as claimed, five per cent of the mortgage indebtedness. While an additional allowance in excess of $200 may be allowed under the amendment of 1898 to subdivision 2 of section 3253 of the Code of Civil Procedure in an action to foreclose a mortgage upon real property, it is nevertheless necessary, as the basis of the extra allowance, for the plaintiff to show that the action is difficult and extraordinary. *Long Island Loan & T. Co.* v. *Long Island City & N. R. R. Co.,* 85 App. Div. 36; affd., 178 N. Y. 588, on opinion below; *Riesgo* v. *Glengariffe Realty Co.,* 114 App. Div. 172; 5 Wait Pr. (2d ed.) 4623; 14 N. Y. Ann. Dig. 1094. In my opinion the present action is not of such a nature, and the plaintiff will therefore be only allowed the additional allowance provided for by the first subdivision of the said section. The plaintiff has submitted, without proof or admission of service, requests for findings which contain only one proposed conclusion of law, which is to the effect that she is entitled to judgment for the amount of $6,000, with interest thereon from October 1, 1917, less the sum of $1,500, the balance of insurance moneys now in her hands. There is no mention whatever of the award to the plaintiff of costs and an additional allowance to the extent above indicated, and, since those are in the discretion of the court in an action of this character, the decision must, pursuant to the provisions of section 1022 of the Code of Civil Procedure, contain a direction with respect to such costs and additional allowance. *Reynolds* v. *Ætna Life Ins. Co.,* 6 App. Div. 254; *Kent* v. *Common Council,* 90 App. Div. 553. Such proposed conclusions of law are also defective

because they do not provide for the granting of other forms of relief which I have above indicated should be granted to the plaintiff. Code Civ. Pro. § 1022. It is the settled practice of this court, where requests to find are submitted to the trial justice, to embody in the decision which is subsequently presented for his signature all findings of fact and conclusions of law found by him, and which are indicated by notations on the margins of the respective requests, and hence it is necessary to incorporate in the proposed findings not only a statement of the ultimate facts which the party preparing the same deems established by the evidence, but also conclusions of law consisting of findings upon questions of law which he desires the trial justice to make, including, of course, all relief to which he deems himself entitled. In this connection it may not be inappropriate to call attention to the provisions of sections 1022, 1228, 1230 and 1231 of the Code of Civil Procedure, which require that the judgment to be entered must conform to the decision of the court. *Foley* v. *Foley,* 15 App. Div. 276. The findings should cover all the material issues made by the pleadings (8 Ency. Pl. & Pr. 944), and no judgment can be entered until the court has made and filed, as required by section 1022 of the Code of Civil Procedure, a decision disposing of the issues and directing the entry of judgment. *Electric Boat Co.* v. *Howey,* 96 App. Div. 410; *Wander* v. *Wander,* 111 id. 189. As above shown, the plaintiff's proposed conclusions of law fail to comply with the rules above mentioned, and the requests for findings are therefore returned to the clerk in order that she may present amended ones in their stead, with proof of service on all the defendants who have appeared in the action. Let this be done within three days after the publication hereof. As the proposed findings of the defendant Jordan do not

appear to have been served, they are also returned to the clerk in order that a copy thereof, or of new ones, if he so desires, may be served upon the plaintiff's attorneys. Let this also be done within three days after the publication hereof, and let proof of service accompany such requests when handed in to the clerk. The respective parties may within two days after service upon them of the proposed findings leave with the clerk briefs relative to requests to find submitted by them or by their adversaries. In the meantime the papers so far received by me have been returned to the clerk to await the submission of further papers.

Ordered accordingly.