(88 App. Div. 522.)

### ELECTRIC BOAT CO. v. HOWEY.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. TRIAL—JUDGMENT—VACATION—COMPLAINT—AMENDMENT.

> Where, in an action on a policy, defendant set up a breach of a particular clause thereof, and the parties went to trial after having stipulated that the facts stated in the answer were true, and plaintiff submitted the case to the court without applying to amend his complaint or to withdraw a juror, plaintiff, after judgment on a verdict directed in favor of the defendant, was not entitled to have such judgment set aside in order to permit it to amend its complaint and set up a different cause of action.

Appeal from Special Term, New York County.

Action by the Electric Boat Company against William J. Howey. From an order granting a motion to set aside a judgment entered after trial, and to allow plaintiff to serve an amended complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward T. McLaughlin, for appellant.
Norman G. Johnson, for respondent.

INGRAHAM, J. This action was commenced to recover upon a policy of fire insurance, the original complaint alleging that the defendant and others, under the name and style of "New York Fire Underwriters," issued and delivered a certain policy, No. 5,842, in favor of the plaintiff, and that a loss by fire occurred within the terms of the policy, and the complaint demanded judgment for the proportionate

amount of said loss. The answer alleges that the policy upon which the cause of action was based contained a provision that "it is understood and agreed as a part of this contract that the rate paid to this company is the highest rate paid to any company on said risk at the time of the issuance of said policy"; that at the time the said policy was issued the plaintiff "was then paying to other companies a higher rate for insurance on property covered by said policy than the rate paid to defendant, in express violation of its agreement and representation with and to defendant." Upon these pleadings the action came on for trial before a jury. There was then presented to the court a stipulation, signed by the attorneys for the parties, that the policy of insurance contained the clause alleged in the answer, and that at the time of the application for insurance the plaintiff was paying and paid to three other companies a higher rate of insurance on said property than that paid to the defendant. After the parties had rested at the suggestion of the court, the jury were discharged, the court to make such a direction as to a verdict as should be proper. The plaintiff then moved "for a judgment for the plaintiff," and the defendant made a motion "to dismiss the complaint, and for judgment for the defendant." The court took these motions under advisement, and subsequently, as appears from the record, a verdict was rendered by direction of the court for the defendant, and on June 22, 1903, judgment was duly entered in favor of the defendant against the plaintiff, reciting that a verdict had been rendered by direction of the court for the defendant, and adjudging that the defendant recover from the plaintiff the sum of $135.32, being the costs and disbursements of the defendant. No motion was made to set aside this verdict, nor was any appeal taken from the judgment. On June 24, 1903, the plaintiff obtained an order requiring the defendant to show cause on the 30th of June, 1903, why the plaintiff should not be permitted to amend the complaint in the action in such manner as to allege an equitable cause of action for the reformation of the policy of insurance upon such terms as to the court should appear just. That motion was opposed, and denied, with leave to renew. Subsequently, on July 22, 1903, the plaintiff obtained a second order to show cause, asking for leave to serve a proposed amended complaint annexed to the motion papers. Upon that motion coming on to be heard the plaintiff applied for leave to withdraw the motion, whereupon an order was entered granting the plaintiff's application for leave to withdraw without prejudice to its right to renew said motion, and for leave to serve an amended complaint on the original or any additional papers. Subsequently, on the 10th of August, 1903, the plaintiff obtained a third order, which required the defendant to show cause why an order should not be granted permitting the plaintiff to serve as an amended complaint in the action the complaint attached to the moving papers, and, in the event that that motion should be denied, asking to amend the final judgment entered. This motion came on to be heard, and an order was granted permitting the defendant to serve the amended complaint upon payment of certain costs to the defendant, and directing that the judgment entered on the 22d of June, 1903, "be vacated and satisfied."

This leaves the action in somewhat a peculiar position. It has been

tried, and a verdict directed for the defendant, and upon that verdict judgment has been entered. By this order the judgment was "vacated and satisfied." If the judgment had been vacated, it certainly could not be satisfied. The order does not purport to set aside this verdict, and so long as it stands unreversed or unvacated all the issues in the action are disposed of. Assuming that the effect of this order is to set aside the verdict as well as to vacate the judgment and to allow the defendant to come in and substitute for the cause of action which was alleged in the original complaint, and which was disposed of by the final judgment, a new cause of action, we think the court was not justified in granting such relief. The original answer interposed as a defense to the action the existence of a clause in the policy which it was claimed prevented the plaintiff from recovering. The question as to the effect of this provision in the policy was thus presented by the answer. The plaintiff therefore had full knowledge of this defense prior to the trial, went to trial, and stipulated that the facts upon which such defense was based were true. It is quite evident that plaintiff's attorney had a mistaken idea as to the validity of that defense, but there was no mistake as to the facts. The only mistake, if it may be called a mistake, related to the view that the trial court would take upon a question of law. After the facts were before the court, when the defendant had made a motion for judgment, plaintiff asked for no permission to amend, or for leave to withdraw a juror, so that he could make such an application to the Special Term, but relied upon the court's holding that the defense, the facts having been admitted, was not good as a matter of law. The plaintiff's attorney alleges that he had no knowledge of the decision of the trial justice upon this defense until the court's action in directing a verdict; but he brought his action in the form in which he wished to bring it, went to trial, and submitted to the court for its determination the question as to the liability of the defendant upon the policy of insurance as it stood. He took the chance of a favorable result upon the cause of action as pleaded, and, having been defeated, it was too late for him to come in and ask that the judgment be vacated so as to enable him to present to the court a different cause of action and to again try the question of the defendant's liability.

It is not necessary to determine whether or not the court had power to make such an order as that appealed from. While the power of the court to set aside judgments and verdicts so as to correct mistakes is very broad, it has never been, so far as I know, applied to correct a mistake as to what the court would decide upon a question of law in the determination of an action. I suppose that there are but few cases in which the defeated party could not truthfully say that he was surprised at the decision of the court, and, if such a surprise or mistake would be a ground for setting aside the verdict and judgment, and to allow the pleading to be amended so as to set up a different cause of action or defense from that originally pleaded, it is difficult to see how any judgment would be a final determination of the action. Without passing upon the power of the court, we think that in this case the court, if it had the power, should not have exercised its discretion in favor of the plaintiff.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

(89 App. Div. 76.)

### A. & S. HENRY & CO., Limited, v. TALCOTT.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. PLEADING—AMENDMENT—LEAVE—DISCONTINUANCE OF CROSS-ACTION.

2. SAME—AFFIDAVIT OF ATTORNEY.

On an application for leave to amend an answer on the ground that when the answer was made a defense was unknown to defendant, the affidavit of the attorney, who had no personal knowledge of the facts, could not be accepted in lieu of the affidavit of the party.

3. CONSOLIDATION OF ACTIONS—GROUNDS—SUFFICIENCY.

The mere pendency of an action by defendant against plaintiff involving a matter constituting a counterclaim in plaintiff's action is not sufficient to authorize the consolidation of the actions, but it must be shown that the counterclaim, as a defense, was availed of by defendant at the first opportunity.

Appeal from Special Term, New York County.