(96 App. Div. 410.)

### ELECTRIC BOAT CO. v. HOWEY.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

**1. JUDGMENTS—AUTHORITY TO ENTER—PREREQUISITES—DECISION.**

Where the jury was discharged, and the trial proceeded before the court, no judgment could be entered until the court had made and filed the decision disposing of the issues, and directing the entry of judgment required by Code Civ. Proc. § 1022; and neither an entry in the minutes of the clerk, nor an opinion of the court, can take the place of the formal decision required by the Code.

**2. SAME—AMENDMENT OF JUDGMENTS.**

A judgment entered without any decision as required by Code Civ. Proc. § 1022, having been filed, being unauthorized by law, cannot be amended by the court.

**3. APPEAL—DISPOSITION.**

Where the court amended a judgment in some respects as desired by plaintiff, and in others so as to make the whole satisfactory for defendant, and plaintiff appealed only from that part which was favorable to defendant, and could not be eliminated without prejudice to him, and the judgment and amendment were both unauthorized because the decision required by Code Civ. Proc. §, 1022, had not been filed previous to the entry of judgment, the order should be reversed, and the entire judgment vacated; and the trial court could then make a decision disposing of the issues, and directing the proper judgment in accordance with the Code.

Appeal from Special Term, New York County.

Action by the Electric Boat Company against William J. Howey. From an order amending the clerk's minutes of trial by inserting the words "upon the merits" in the entry reciting the dismissal of the complaint, and inserting the same words in the judgment, plaintiff appeals. Reversed.

See 85 N. Y. Supp. 95.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Norman G. Johnson, for appellant.

George Holmes, for respondent.

LAUGHLIN, J. The action is upon an insurance policy to recover a loss sustained by fire. The answer interposed as a defense a provision of the policy showing that it was issued upon the understanding and agreement that the rate of premium paid to defendant was the highest rate paid to any company on the same risk at the time of the issuance of the policy, and alleged that the plaintiff was at that time paying a higher rate for insurance on the same property to other companies. The issues were brought to trial before the court and a jury. It was admitted that plaintiff had other insurance on the same premises at a higher premium rate. The plaintiff relied upon what is known as a "binder" issued by the company before the policy was made out, which called for a policy according to the New York standard, which did not contain this clause. The amount of the loss recoverable of the defendant, if liable, was stipulated. During the trial, but before the close of the evidence, the court suggested

that the case presented a question of law, merely—as to whether the "binder" or the policy should control—and that the jury be discharged, and the case be taken by the court as a question of law. This was acquiesced in, and the jury were dismissed. At the close of the evidence, counsel for plaintiff moved for judgment, and counsel for defendant moved for a dismissal of the complaint and for judgment for defendant. The minutes show no disposition of these motions, but contain the entry, "Briefs to be submitted June 8th." Thereafter the justice who presided at the trial wrote a memorandum opinion to the effect that the binder became merged in the policy, and by the acceptance of the policy its provisions became controlling, but that, if plaintiff discovered the conceded variance between the binder and the policy before acceptance, he was at liberty to reject the policy and hold the defendant on the binder, and, if the discovery was made after the acceptance, his remedy was an action for reformation, and that, this action being at law, "there must be judgment for the defendant." The entry in the clerk's minutes of the trial recites a direction of a verdict for the defendant. No decision was made or filed by the court. The defendant entered the judgment pursuant to the clerk's minutes, reciting that a verdict had been rendered by direction of the court, and adjudging that the defendant recover of the plaintiff the taxable costs therein specified. The plaintiff moved to vacate the judgment, and for leave to serve an amended complaint, demanding a reformation of the contract. The motion was granted, but upon appeal this court, without passing upon the power of the court to make the order, reversed the order upon the ground that the relief sought would substitute a new cause of action, and that the plaintiff was guilty of laches. The plaintiff in the meantime had brought a suit in equity for the reformation of the contract, and a recovery upon it as reformed. Upon discovering that the defendant had entered judgment as upon a verdict directed in his favor, the plaintiff, apprehensive that this would be construed as a decision on the merits, and constitute a bar to his suit in equity, moved to correct the judgment and minutes of the clerk to show that the complaint was dismissed, instead of a verdict being directed for the defendant. This motion was opposed, but no counter motion was made by the defendant. The motion was heard at Special Term, presided over by the justice who presided at the trial, and an order was made amending the clerk's minutes so as to show that the jury were discharged by consent, and that at the close of the evidence the plaintiff moved for judgment, and the defendant moved for dismissal of the complaint and for judgment in his favor; that the court reserved decision, fixed a time for receiving briefs, and on June 12th directed judgment for the defendant, dismissing the complaint upon the merits, and amending the judgment similarly. It appears that the plaintiff has paid the costs awarded by the judgment. The jury having been discharged, and the trial having proceeded before the court, there was no authority to enter any judgment until the court made and filed a decision disposing of the issues, and directing the entry of judgment. Neither the entry in the clerk's minutes, nor the opinion of the court, can take the place of the formal decision required by the

Code of Civil Procedure. There being no decision on which the judgment can rest, the court had no authority to amend it; and, having amended it in some respects as desired by plaintiff, and in the other respects which rendered the whole satisfactory to the defendant, and the plaintiff having appealed from only that part which is favorable to the defendant, and which, though unauthorized, cannot be eliminated without prejudice to defendant, we are of opinion that the order should be reversed and the entire judgment vacated. The trial court may then make and file a decision disposing of the issues, and directing the proper judgment, in accordance with the provisions of section 1022 of the Code of Civil Procedure.

It follows that the order should be reversed and the entire judgment vacated, with costs. All concur.