### SPILKER v. ABRAHAMS.

(Supreme Court, Appellate Division, Second Department.  March 11, 1910.)

EXECUTION (§ 434*)—ISSUANCE AGAINST THE PERSON.

As Code Civ. Proc. § 1365, provides that execution against the person may be issued in any county, such an execution, regardless of defendant's legal residence, was properly issued to the sheriff of a county where he temporarily resided.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 434.*]

──────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Westchester County.

Action by Carl A. Spilker against Paul M. Abrahams. · From an order denying a motion to vacate and set aside execution against defendant's person, he appeals. Affirmed.

See, also, 133 App. Div. 226, 117 N. Y. Supp. 376.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Cantwell & Abrahams, for appellant.

Allan.C. Rowe, for respondent.

RICH, J. The judgment was obtained in an action for malicious prosecution and false imprisonment. It was docketed in New York county, where the defendant's place of business was, and he was subsequently examined in supplementary proceedings. Upon the examination he testified that he was temporarily residing with his mother-in-law in Richmond county. Thereupon an execution was issued to the sheriff of Richmond county against the property of the defendant, who returned it unsatisfied. The plaintiff then issued an execution against the person of the defendant, which it is now sought to set aside.

There is no question but that plaintiff had a right to issue execution against the person of the defendant; but it is contended that it was improperly issued to the sheriff of the county where the defendant says he was only temporarily sojourning. He alleges that his place of business was in the borough of Manhattan, though it appears that his name was in the Staten Island Telephone Directory, and there was sufficient evidence before the learned justice at Special Term to warrant a finding that the defendant was a resident of Richmond county. No such finding was necessary, however, because the Code of Civil Procedure, § 1365, provides that an execution against the person may be issued to any county, and the execution was properly issued, without regard to defendant's legal residence. If it were necessary that the execution be issued to the sheriff of the county of the debtor's legal residence, it would be an easy matter to avoid its effects by remaining away from that county. This enactment was to prevent such a result.

It follows, therefore, that the order must be affirmed, with $10 costs and disbursements. All concur.