PROGRESSIVE CONSTRUCTION AND LEASING COMPANY, Respondent, v. REGINALD H. SAYRE, Appellant.

First Department, November 3, 1916.

Practice — trial before court without a jury — dismissal of complaint upon the merits — findings essential — erroneous resettlement of decision by striking out findings.

Where a case is tried before the court without a jury there must be formal findings of fact and conclusions of law in order to entitle the court to make an order dismissing the complaint upon the merits.

Where the court has failed to make such findings it was proper to vacate the judgment erroneously entered and to make findings as a proper basis for a new judgment.

But the court once having made, signed and filed a formal decision containing proper findings and conclusions, could not thereafter alter or resettle the decision by striking out the findings of fact which were necessary to its validity.

APPEAL by the defendant, Reginald H. Sayre, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of March, 1916, resettling a decision and judgment herein.

*Robert Kelly Prentice*, for the appellant.

*Robert C. Birkhahn*, for the respondent.

SCOTT, J.:

Some confusion seems to have arisen as to the proper practice in this action owing to a failure to correctly appreciate the relief awarded by the court. It appears that the trial was had

before the court without a jury, and that the court dismissed the complaint "on the merits." This was equivalent to rendering a general judgment against the plaintiff, since it finally determined the case in defendant's favor, and a judgment carrying the decision into effect would have barred another action upon the same cause of action against the same defendant. To validly enter such an order it was necessary that the court should make formal findings of fact and conclusions of law. (*Electric Boat Co.* v. *Howey,* 96 App. Div. 410.)

The court did sign a paper which directed judgment against plaintiff dismissing the complaint "on the merits," but which contained no findings of fact. This was clearly insufficient to sustain a judgment although an attempt was made to enter one thereon. This judgment was vacated on defendant's motion, whereupon proposed findings and decision were submitted by both parties, and the justice signed and filed a decision containing findings of fact and conclusions of law, and directing judgment in favor of defendant dismissing the complaint upon the merits. This decision seems to be in proper form and to be sufficient to justify the entry of a judgment in accordance with its direction. Thereupon the attorney for the plaintiff moved for a resettlement of this last-mentioned decision, and the court, by the order now appealed from, has undertaken to resettle it and has made a new decision containing only bare conclusions of law, for, although two of the conclusions are denominated "findings of fact," they are really not such. The result is that the judgment, although purporting to be final and "on the merits" is unsupported by any proper decision and must inevitably be reversed or modified, if appealed from, because the court has stricken out of the decision every fact found by it upon which a judgment in favor of defendant could rest. In so doing, we think that the court acted beyond its power. The authority of a justice, sitting without a jury, to alter a formal decision which he has once signed, or a judgment entered in accordance therewith, is narrowly limited and extends only to the correction of mistakes which may be termed clerical in their nature or where the alteration is made to conform the record to the truth. (*Heinitz* v. *Darmstadt,* 140 App.

Div. 252.) It was proper for the justice to vacate the first judgment, and the paper upon which it had been entered, because it was in no sense such a decision as the practice required to be made. The second decision signed by him was the only one of the three which conformed to the practice and afforded authority for the entry of such a judgment as he directed. His power to further interfere with it, except to correct such an error as above specified, was at an end, and he could no longer alter findings, or strike them from the record, so as to leave the judgment unsupported. Whether the findings are in fact supported by the record cannot be determined until that record is before us on the appeal from the judgment. All we hold now is that the justice having once made, signed and filed a formal decision containing findings of fact and conclusions of law, could not thereafter alter or resettle that decision by striking out all of his findings of fact.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.