THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PHILIP KASTEL, Appellant, Impleaded with Others.

Third Department, July 1, 1927.

Crimes — grand larceny, first degree — defendant's agents by fraud induced person in Montgomery county to agree to purchase corporate stock — defendant, resident of New York city, received money there and converted same — jurisdiction lies in Montgomery county, under Code of Criminal Procedure, § 134.

The defendant has been convicted in Montgomery county for grand larceny in the first degree. The court had jurisdiction of the crime, under section 134 of the Code of Criminal Procedure, since it appears that while the money, which the defendant converted to his own use, was sent to him by a resident of Montgomery county ostensibly to pay for corporate stock and was actually converted in New York city, nevertheless the agents of the defendant through fraudulent devices and means induced said resident of Montgomery county to purchase the corporate stock and send his check in payment therefor to the defendant, who, acting on a preconceived purpose to do so, converted the proceeds of the check.

APPEAL by the defendant, Philip Kastel, from a judgment of the County Court of the county of Montgomery, rendered on the 6th day of December, 1926, convicting him of the crime of grand larceny, first degree.

*Clark L. Jordan [Leonard F. Fish* of counsel], for the appellant.

*Andrew J. Culick, District Attorney,* for the respondent.

DAVIS, J. The appellant has been convicted of grand larceny in the first degree. The facts out of which the crime arose may be briefly stated.

During the month of August, 1921, Dillon & Co., a brokerage

firm in New York city, by its agent solicited Fay Shaul, residing at Amsterdam, to purchase 100 shares of the common stock of the United Drug Company. Eventually an order was given and transmitted to the firm and Shaul received by mail a request to send the money for the purchase price. In this letter he was advised that on receipt of his remittance they would place the certificate in transfer to be registered in his name. Shaul sent his check for $5,565, receiving the next day an acknowledgment of its receipt, and stating that it had been duly credited to his purchase of the stock. He never received the stock. The evidence established the fact that it was never purchased by the firm, and the money was converted before the company went into bankruptcy the following month.

It is undisputed that the appellant, Philip Kastel, was in control of Dillon & Co.; and it is well established by the evidence that he received the avails of this money, intrusted to this concern for the specified purpose of purchasing stock. These acts clearly constituted the crime of larceny. (*People* v. *Meadows*, 199 N. Y. 1; *People* v. *Laurence*, 137 id. 517.)

The only question here requiring consideration is that of jurisdiction. In *People* v. *Toohill* (208 App. Div. 174), a companion case tried under the same indictment, we held by implication that there was jurisdiction of the crime in Montgomery county, although the judgment of conviction was reversed for error in the admission of evidence. We may now definitely determine the question of jurisdiction.

It is argued here that because the wrongful appropriation of the funds occurred in the county of New York, the crime was exclusively indictable and triable there. We cannot take that view of it. Section 134 of the Code of Criminal Procedure provides: "When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

The evidence justifies a finding that there was a concerted plan that Shaul should be induced to part with his money by artifice or false representations made in the county of his residence, with no purpose of actually purchasing stock with the funds so obtained. Kastel may not have known originally of this particular transaction, but it was arranged by his agents under the general plan he had formulated for doing business, and he became familiar with it and had opportunity to carry out the purchase in good faith. Instead he appropriated the money to his own use, and decamped when bankruptcy and other troubles impended. He thus adopted the

acts of his agents as his own, receiving the benefit of their unlawful acts with knowledge thereof. This identifies him with the crime. (*People* v. *Bliven*, 112 N. Y. 79, 86.) The solicitation, the request by mail for the remittance with the purpose and intent of misappropriation, and the sending of the check, all occurred in Montgomery county where Shaul resided. Kastel's overt act in obtaining the money through his agents became guilty when the contemplated result ensued. (*Strassheim* v. *Daily*, 221 U. S. 280, 285.) These acts became important steps leading up to the crime, without which there would have been no offense. (*People* v. *Peckens*, 153 N. Y. 576, 589.) They were essential elements in the final consummation which occurred when the money was actually misappropriated. The acts and their effects, requisite to the completion of the offense, gave jurisdiction to the courts of Montgomery county, where in part the crime was committed. (See *People* v. *Wicks*, 11 App. Div. 539; affd., 154 N. Y. 766; *People* v. *Britton*, 134 App. Div. 275; *People* v. *Licenziata*, 199 id. 106; *People* v. *Mitchell*, 49 id. 531; affd., 168 N. Y. 604; *Mack* v. *People*, 82 id. 235; *People* v. *Dimick*, 107 id. 13.)

No longer is it the policy of the law to permit those obviously guilty of criminal acts to escape punishment through highly technical questions of jurisdiction. The defendant selected his field of operations. He has had a fair trial in the county where the crime originated.

The judgment of conviction should be affirmed.

COCHRANE, P. J., HINMAN, McCANN and WHITMYER, JJ., concur.

Judgment of conviction affirmed.